IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICIA SLEDGE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ST. VINCENT De PAUL STORES, INC.,<br><br>　　　　　Defendant. | CASE NO. 8:12CV15<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion for Summary Judgment (Filing No. 19), and the Plaintiff's Motion to Strike Portions of the Defendant's Factual Submissions (Filing No. 22). For the reasons discussed below, the Plaintiff's Motion to Strike will be denied, the Defendant's Motion for Summary Judgment will be granted, and the Plaintiff's action will be dismissed, with prejudice.

## FACTS

Defendant St. Vincent DePaul Stores, Inc. ("SVDP") presented its statement of material facts with pinpoint citations to the record, in compliance with NECivR 56.1(a). (Filing No. 20, 4-7.) Plaintiff Patricia Sledge ("Sledge") did not respond to those facts in compliance with NECivR 56.1(b), nor did she deny or contradict any of those facts in her own statement of material facts.[1] (Filing No. 23, 4-6). Accordingly, the following facts are deemed admitted under this Court's local rules:

Sledge, an African-American woman, began her employment at SVDP on or about January 5, 2007. She was, at all times, an at-will employee.

---

[1] SVDP also notes that Sledge's brief in opposition to SVDP's Motion for Summary Judgment was untimely. While Sledge's brief was filed out of time, the Court has considered her arguments.

SVDP is a charitable non-profit organization. Its mission is to provide goods and services to low income individuals while allowing them to maintain a sense of dignity.

Sledge was employed as a Store Manager at SVDP's thrift store located on Leavenworth Street.  As an employee of SVDP, Sledge was responsible for upholding SVDP's mission.

At all pertinent times during Sledge's employment, Kathy Gutierrez-Rouillard, a white woman, was the Store Manager at SVDP's thrift store located at 5920 Maple Street.  At all pertinent times during Sledge's employment, Roxanne Scoville, a white woman, was the Store Manager at SVDP's thrift store located at 5037 South 24th Street.

Sledge was disciplined for declining sales, which management attributed to her unwillingness to deal with customers and failing to rotate and replenish stock on a regular basis.  She was also disciplined for improperly handling money, which resulted in excessive and frequent overages and shortages.

On or about December 5, 2008, SVDP received an anonymous written complaint about Sledge from an individual who described himself or herself as "A Holiday Visitor." On or about July 15, 2009, SVDP also received a written complaint about Sledge from Jean Cappellano entitled "Negative Experience's [sic] With St. Vincent DePaul."  On or about July 17, 2009, SVDP received another anonymous written complaint regarding Sledge entitled "Negative Experience 2."  SVDP also received an undated written complaint regarding Sledge from Anthony M. Battiato, Sr.  SVDP never received a customer complaint about Kathy Gutierrez-Rouillard, nor about Roxanne Scoville.

Dan Detches became General Manager of all St. Vincent DePaul store locations on June 29, 2010.  He was responsible for improving the Leavenworth Store's performance while carrying out the charitable mission of SVDP.  After he became General Manager of all SVDP stores, Detches reviewed documentation regarding Sledge's employment and observed her attitude, management style, and work performance in the Leavenworth Store.  Detches believed that Sledge's performance and attitude did not fit with his vision of how a thrift store should be managed, and were inconsistent with the mission of SVDP.  Based on Sledge's history of poor performance and customer complaints, Detches and Barb Slaven, President of the SVDP Board of Directors, made the decision to terminate Sledge's employment on or about July 16, 2010.

Detches never made any comment specifically in reference to Sledge's race or color, although Sledge alleges that Detches used the term "you people," when talking to her.  Sledge does not believe that Slaven harbored any racial bias against her.

## STANDARD OF REVIEW

"Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Gage v. HSM Elec. Prot. Serv., Inc.,* 655 F.3d 821, 825 (8th Cir. 2011) (citing Fed. R. Civ. P. 56(c)).  The court will view "all facts in the light most favorable to the non-moving party and mak[e] all reasonable inferences in [that party's] favor."  *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 819 (8th Cir. 2011).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary

3

judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id.* at 325. Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)), *cert. denied,* 130 S. Ct. 1074 (2010). The nonmoving party "'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Matsushita,* 475 U.S. at 586-87)), *cert. denied,* 132 S. Ct. 513 (2011). "'[T]he mere existence of *some* alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment. *Quinn v. St. Louis Cnty.,* 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986)). Furthermore, "[i]n ruling on a motion for summary judgment, the district court is not obligated to wade through and search the entire record for some specific facts which might support" a party's claim. *Holland v. Sam's Club*, 487 F.3d 641, 644 (8th Cir. 2007) (quotations omitted).

4

In other words, in deciding "a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party"– where there is no "'genuine issue for trial'"–summary judgment is appropriate. *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).

## DISCUSSION

Sledge contends that she was subjected to discriminatory treatment in the terms and conditions of her employment, and discriminatory discharge, in violation of (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), on the basis of her race and color, and (2) in violation of 42 U.S.C. § 1981 ("Section 1981"), on the basis of her race.

When an employee brings a claim of discrimination based on race (or color) under Title VII or Section 1981[2] and points only to indirect evidence[3] in support of her claim, the Court will "'employ the familiar *McDonnell Douglas* burden-shifting framework to conduct [its] analysis." *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 681 (8th Cir.

---

[2] The Eighth Circuit "'appl[ies] the same analysis to claims of discrimination under Title VII and 42 U.S.C. § 1981.'" *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 520 (8th Cir. 2010) (quoting *Takele v. Mayo Clinic*, 576 F.3d 834, 838 (8th Cir. 2009)).

[3] "Direct evidence of discrimination 'is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action.' . . . 'Stray remarks,' 'statements by nondecisionmakers,' or 'statements by decisionmakers unrelated to the decisional process' do not constitute direct evidence." *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012) (citations omitted) (quoting *Torgerson*, 643 F.3d at 1044).

2012) (quoting *Davis v. KARK-TV, Inc.*, 421 F.3d 699, 704 (8th Cir. 2005)) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-04 (1973)). Sledge does not contend, and the record does not reflect, that there is any direct evidence of discriminatory treatment or discharge. Therefore, the Court will analyze her claims under the *McDonnell Douglas* framework.

Under the *McDonnell Douglas* burden-shifting framework, the plaintiff may create a "'presumption of discrimination'" if she "'meets [his] burden of establishing a prima facie case of employment discrimination.'" *Id.* (alteration in original) (quoting *KARK-TV*, 421 F.3d at 704). A plaintiff establishes a prima facie case "'by showing that he . . . (1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) [suffered] under circumstances permitting an inference of discrimination.'"[4] *Jefferson Hosp.*, 685 F.3d at 681 (alteration in original) (quoting *Maxfield v. Cintas Corp. No. 2*, 427 F.3d 544, 550 (8th Cir. 2005)). A plaintiff can establish that she suffered "under circumstances permitting an inference of discrimination" by showing that "similarly situated employees who were not part of the protected group were treated more favorably." *See Chappell v. Bilco Co.*, 675 F.3d 1110, 1118 (8th Cir. 2012) (citing *Gordon v. Shafer Contracting Co.*, 469 F.3d 1191, 1196 (8th Cir. 2006)); *see also Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853-54 (8th Cir. 2012) (quoting *Lake v. Yellow Transp., Inc.*, 596 F.3d 871, 874 (8th Cir. 2010) ("'To establish a prima facie case for race discrimination, a plaintiff 'must show . . . (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently).'")

---

[4] The second element of the plaintiff's prima facie case is sometimes phrased as, "was qualified for the position." *Durham D & M*, 606 F.3d at 520.

6

If the plaintiff "'establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action.'" *Jefferson Hosp.*, 685 F.3d at 681 (quoting *KARK-TV*, 421 F.3d at 704). Upon the employer's showing of a legitimate, non-discriminatory reason for its adverse employment action, "'the presumption of discrimination disappears, requiring the plaintiff to prove that the proffered justification is merely a pretext for discrimination.'" *Id.* (quoting *KARK-TV*, 421 F.3d at 704). "At [this] final stage of the analysis," the plaintiff's "'burden merges with the ultimate burden of persuading the court that [he] has been the victim of intentional discrimination.'" *Durham D & M*, 606 F.3d at 521 (third alteration in original) (quoting *Dixon v. Pulaski Cnty. Sch. Dist.*, 578 F.3d 862, 868 (8th Cir. 2009)).

"'A plaintiff may show pretext, among other ways, by showing that an employer (1) failed to follow its own policies, (2) treated similarly-situated employees in a disparate manner, or (3) shifted its explanation of the employment decision.'" *Gibson*, 670 F.3d at 854 (quoting *Lake*, 596 F.3d at 874). "'[T]o survive summary judgment, [the plaintiff] must adduce enough admissible evidence to raise genuine doubt as to the legitimacy of a defendant's motive, even if that evidence does not directly contradict or disprove a defendant's articulated reasons for its actions.'" *Chappell*, 675 F.3d at 1119-20 (alterations in original) (quoting *Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1110 (8th Cir. 2001)).

Sledge has not established a prima facie case with respect to her claims of discriminatory treatment in the terms and conditions of her employment, because those allegations of discriminatory treatment do not rise to the level of adverse employment

actions.[5] ("Changes in duties or working conditions that cause no materially significant disadvantage . . . are insufficient to establish the adverse conduct required to make a prima facie case." *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir.1994); .)

With respect to her termination, the Court will assume Sledge can establish a prima facie case. SVDP has pointed to legitimate, non-discriminatory reasons for terminating Sledge's employment, however, *i.e.*, her store's declining sales, her unwillingness to deal with customers and failure to rotate and replenish stock on a regular basis, her improper handling of store money, resulting in frequent overages and shortages, and four written customer complaints.

Sledge objects to the use of the customer complaints, asserting that they are inadmissible hearsay.  She does not suggest that SVDP fabricated the complaints, however, or that the customer complaints were generated based on racial animus.  The Court will consider the complaints not for the truth of the matters asserted within them, but as information received by SVDP that formed part of the basis for its decision to terminate Sledge.  *See*, *e.g., Wells v. SCI Management, L.P.*, 469 F.3d 697 (8th Cir. 2006) (affirming district court's grant of summary judgment, dismissing Title VII action of employee terminated based on customer complaints).

It is then Sledge's burden to demonstrate that SVDP's articulated reasons for her termination were a mere pretext for discrimination on the basis of her race or color.

---

[5] Sledge alleges that she was pressured to improve her store's sales figures, "put down" about her store's nonperformance, left to close the store alone, not allowed to use volunteers until 2010, allowed the use of limited volunteers beginning in 2010, not asked for input, and told not to park her car in front of her store. (Complaint, Filing No. 1, ¶¶ 3-11.)

Sledge appears to present a disparate-treatment theory to support her claim of pretext, contending that she was terminated when white store managers were not.

"The test for whether employees are similarly situated 'is rigorous.'" *Jefferson Hosp.*, 685 F.3d at 681 (quoting *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 864 (8th Cir. 2008)). It "'requires that the other employees be similarly situated in all relevant aspects before the plaintiff can introduce evidence comparing [himself] to the other employees.'" *Jefferson Hosp.*, 685 F.3d at 681 (alteration in original) (quoting *Fields*, 520 F.3d at 864). That is, "'[t]he individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and [have] engaged in the same conduct without any mitigating or distinguishing circumstances.'" *Jefferson Hosp.*, 685 F.3d at 681 (quoting *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034, 1043 (8th Cir. 2007)). To be considered "similarly situated" to the plaintiff, a co-worker must have had the same job duties as the plaintiff. *See Wilson v. Kans. City Ins. Co.*, 143 F. App'x 723, 724 (8th Cir. 2005) ("Significantly, Wilson did not show that she was treated differently than similarly situated employees, as she admitted that her co-workers had different job duties.").

Sledge bears the burden of establishing pretext, and she has not pointed to evidence sufficient to demonstrate that SVDP's proffered reasons for her termination were a pretext for discrimination on the basis of her race or color. She has failed to point to evidence sufficient to satisfy the "rigorous" test for establishing that the employees to which she attempts to compare herself were "similarly situated" and treated differently. Therefore, SVDP's Motion will be granted and Sledge's Title VII and § 1981 discrimination claims will be dismissed.

## CONCLUSION

Sledge has failed to point to evidence to substantiate her claims that she was treated differently than similarly-situated, non-African-American employees. Therefore, her discriminatory treatment and discharge claims will be dismissed.

IT IS ORDERED:

1. Plaintiff Patricia Sledge's Motion to Strike (Filing No. 22) is denied;

2. The Motion for Summary Judgment (Filing No. 19) submitted by Defendant St. Vincent DePaul Stores, Inc., is granted;

3. Plaintiff Patricia Sledge's Complaint is dismissed, with prejudice; and

4. A separate Judgment will be entered.

Dated this 11th day of October, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge